UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,                    :        **07 Cr. 484-01 (RMB)**

        -v-                                    :

**DAVID GONZALEZ,**                                  :

                Defendant.      :

------------------------------------X

### <u>SENTENCING MEMORANDUM FOR DAVID GONZALEZ</u>

DAVID E. PATTON
Federal Defenders of New York, Inc.
Attorney for Defendant
  RICHARD GONZALEZ
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8744

PHILIP L. WEINSTEIN,
  <u>Of Counsel</u>

TO:  PREET BHARARA, ESQ.
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007

    Attn.:  Tatiana Martins, Esq.
          Assistant United States Attorney
          Southern District of New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA,              :      07 Cr. 484-01 (RMB)

              -v-                       :

DAVID GONZALEZ,                         :

                      Defendant.        :

-----------------------------------X
```

## SENTENCING MEMORANDUM FOR DAVID GONZALEZ

## Background

On September 24, 2007 this Court imposed a 39-month sentence following Gonzalez's conviction of Unlicensed Dealing of Firearm, in violation of 18 U.S.C. § 922(a)(1)(A), to be followed by a 3 year term of supervised release. His supervised release commenced on March 16, 2010, but a 7-month term of incarceration was imposed on April 3, 2012 because Gonzalez violated his supervised release by testing positive and not attending his drug program. A one-year term of supervised release also was imposed. Since November 2, 2012, when he again was released from prison, Gonzalez has not tested positive for drugs and has attended his drug treatment program.

1

In a complaint dated January 7, 2013, Mr. Gonzalez was charged with three co-defendants with five counts of various New York crimes related to non-consensual sexual contact. As a result, Federal Probation filed a six specification violation of supervised release report stemming from these State charges. Gonzalez was in State custody from January 6, 2013, until February 11, 2013, when he was released on R.O.R. But, on that day, this Court ordered that he be remanded based on the then pending V.O.S.R. With the consent of the government, Gonzalez was released on federal bail on March 26, 2013, but with the condition of home detention. That condition still is in place.

Two of Gonzalez's co-defendants in the State case also were on federal supervised release. Both admitted technical Grade C violations. Neither was sentenced to imprisonment. Nor were their terms of supervised release extended. Instead, two district court judges restored their original terms of supervised release. A 9 p.m. curfew was imposed on Morales.

On June 6, 2013, Gonzalez admitted to specification "6" that charged he had associated with convicted felons. The convicted felons referred to were the four co-defendants. Two of the co-defendants, Hunter and Morales, had been neighborhood friends for about 20 years.

No indictment has been filed by the state. The next court appearance for Gonzalez is in September 2013. His co-defendants have appearances scheduled up to November 2013.

Despite his home detention, Gonzalez has been working in construction for his father since June 24, 2013.[1] He also has been attending Odessey House an out-patient drug treatment.[2]

### Argument

According to Probation, the advisory Guidelines for the admitted specification is 5 to 11 months' incarceration. Gonzalez was incarcerated for almost 3 months. He will have been home detention for an additional 5 months by he is sentenced by this Court. No legitimate sentencing goal will be advanced by an additional period of incarceration or extending his term of supervised release.

While protection of the public, deterrence and just punishment are relevant sentencing factors, 18 U.S.C. § 3553(a)(2), none of these factors are implicated on the facts of this case. As routinely reported, in the press and elsewhere, a substantial portion of minority young men have criminal records.[3]

---

[1]Exhibit A

[2]The program has refused to provide defense counsel with a program report that, in their view, only Probation is entitled to such information.

[3]Exhibit B

Isolating such young men from their life-long friends serves no purpose. It simply removes peer support.

The young men Gonzalez was with on the night of his arrest were his neighborhood friends for 20 years. On the scale of potential violations, this conduct is relatively minor. If it had not been for the arrests on serious charges, it is unlikely any action would have been taken.

It will be nine months since Gonzalez was charged by complaint with these serious State felonies. Yet, he was released on his own recognizance in February 2013 and no indictment has been filed. At the very least, these circumstances suggest that the State may have difficulty in proving these charges. In any event, if an indictment is returned and Gonzalez is convicted, the State court likely will impose a severe sentence. Thus, there is no need for this Court to speculate about a potential State conviction of a serious felony. Rather, the focus of his sentence should be on the specifications proved.

Most significant in crafting a just sentence for Gonzalez are the sentences imposed by other district court judges for similar violations of supervised release by Hunter and Morales, who are identically situated with respect to the State charges. Like Gonzalez they admitted to "Grade C" violations. Neither had

4

any additional incarceration imposed. Nor was their supervised release term extended beyond the original expiration date. A central goal of the Guidelines is to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6). There is no reason to treat Gonzalez more harshly than Hunter and Morales.

Not only is Gonzalez similarly situated with Hunter and Morales, his conditions of release are more stringent. Like the others, he was incarcerated for almost 3 months. Unlike the others, however, he will have been on home confinement for about 6 additional months. Although not the same as incarceration, home detention imposes restrictions on liberty.

Finally, any significant concern over recidivism is reduced by Gonzalez's behavior since his release in March 2013. Gonzalez has been employed since June 2013. He has not tested positive and regularly is attending his drug program. In light of all these factors, no term of incarceration should be imposed and Gonzalez should be restored to his term of supervised release without any extension.

Dated:  New York, New York
        August 5, 2013

Respectfully submitted,

DAVID E. PATTON, ESQ.
Federal Defenders of New York, Inc.

By:  _____
     **PHILIP L. WEINSTEIN, ESQ.**
     Attorney for Defendant
     **David Gonzalez**
     52 Duane Street, 10th Floor
     New York, New York 10007


TO:  **PREET BHARARA, ESQ.**
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn.:  **Tatiana Martins, Esq.**
             Assistant United States Attorney
             Southern District of New York

6